IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LORRIE WATERS, *et al.*,        )
                                )
    Plaintiffs,               )
                                )
v.                              )   CASE NO.: 2:17-cv-133-WKW-GMB
                                )   [WO]
AIG CLAIMS, INC., *et al.*,     )
                                )
    Defendants.               )

## MEMORANDUM OPINION AND ORDER

Although this ERISA case has not yet reached the discovery phase, it has already devolved into a war of protracted pretrial motions devoid of any indicia of cooperation among the parties. Presently, there are seven motions pending before the court: (1) a motion to dismiss filed by Defendants ExpressJet Airline, Inc. and ExpressJet Consolidated Welfare Benefit Plan, which the court converted into a motion for summary judgment (Docs. 35 & 47); (2) a motion to dismiss or, in the alternative, to stay the proceedings pending administrative review filed by Defendants AIG Claims, Inc. and National Union Fire Insurance Company of Pittsburg, PA, which the court converted into a motion for summary judgment (Docs. 36 & 47); (3) a motion for summary judgment filed by Plaintiffs Lorrie Waters and Derral Keith Waters (Doc. 37); (4) a motion to lift the stay filed by Plaintiffs Lorrie Waters and Derral Keith Waters (Doc. 59); (5) a motion for sanctions against Defendants AIG Claims, Inc. and National Union Fire Insurance Company of Pittsburg, PA and for limited discovery filed by Plaintiffs Lorrie Waters and Derral Keith Waters (Doc. 60); (6) a motion for leave to file second amended complaint filed by

Plaintiffs Lorrie Waters and Derral Keith Waters (Doc. 66); and (7) a motion for hearing (Doc. 73). With the benefit of the parties' briefing, the undersigned will resolve each motion below.[1]

I.  **Plaintiffs' Motion for Leave to File Second Amended Complaint**

Currently, there is a stay of the Rule 26 deadlines, all discovery, and briefing on Plaintiffs' motion for summary judgment until the court resolves Defendants' pending motions for summary judgment. Doc. 47. Plaintiffs have now filed a motion for leave to file a second amended complaint, arguing that the amendments would moot Defendants' pending summary-judgment motions and that a number of claims arere due to be added based upon "recent developments after learning Defendants have violated the Parties' stipulations and destroyed evidence." Doc. 66. Plaintiffs attached a proposed second amended complaint to their motion. Doc. 66-1. For the reasons that follow, Plaintiffs' motion for leave to file the proposed second amended complaint is due to be granted in part and denied in part.

Plaintiffs filed their complaint in this action asserting claims under ERISA for wrongful denial of the decedent's claims under the policy and for failure to provide documents in accordance with ERISA's provisions. At the time Plaintiffs filed their complaint, they were proceeding under a "deemed denial" theory of liability, as a final denial decision had not yet been issued. The operative pleading currently before the

---

[1] On May 5, 2017, this case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 for further proceedings and determination or recommendation as may be appropriate. Doc. 30.

court—Plaintiffs' first amended complaint (Doc. 24)—is nine pages long and asserts two causes of actions against the Defendants.

Now Plaintiffs seek to file a 25-page second amended complaint that asserts six causes of actions against the Defendants. Having reviewed the proposed second amended complaint, the court orders that Plaintiffs' motion for leave to amend (Doc. 66) is GRANTED to the extent Plaintiffs seek to assert wrongful denial and failure to provide document claims under ERISA (Counts I and II), but DENIED as to all other proposed claims (Counts III through VI).

The court concludes that Counts I and II of Plaintiffs' proposed second amended complaint, which assert claims for wrongful denial of a claim and failure to provide documents under ERISA, may proceed. The court understands that, with respect to Plaintiffs' ERISA claims, the parties dispute whether they should be allowed to pursue a deemed denial or fully exhausted theory of liability. The court finds that Defendants have not met their burden of demonstrating that a deemed denial theory of liability is futile or prohibited when a claim also has been "actually denied"; thus, to the extent Defendants challenge these dual theories of liability, they may do so in a responsive pleading or motion.

With respect to Plaintiffs' proposed state-law claims, the court finds that these claims should not proceed because they are futile. To begin, these claims are preempted by ERISA. Although Plaintiffs do not label their state-law claims, it appears that they are attempting to assert additional claims for intentional infliction of emotional distress (Count III), breach of contract (Count IV), fraud (Count V), and civil conspiracy (Count VI), all stemming from events and circumstances surrounding the denial of Plaintiffs' claim for

benefits under the plan. Doc. 66-1. ERISA's provisions "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a)." 29 U.S.C. § 1144(a). "A party's state law claim 'relates to' an ERISA benefit plan for purposes of ERISA preemption whenever the alleged conduct at issue is intertwined with the refusal to pay benefits." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187–88 (11th Cir. 1997) (citing *Farlow v. Union Ctr. Life Ins. Co.*, 874 F.2d 791 (11th Cir. 1989)). Here, all of Plaintiffs' proposed state-law claims stem from conduct intertwined with Defendants' denial of a claim and refusal to pay benefits under the plan. Thus, these claims are preempted by ERISA and futile for that reason alone.

However, even if these claims were not preempted by ERISA, the undersigned would not permit their inclusion in an amended complaint because they fail to state cognizable claims supported by the law. First, the proposed second amended complaint repeatedly asserts factual allegations and causes of action against "Defendants" without identifying the specific defendant to which each allegation is referring. What is more, many of the allegations are purely speculative and conclusory. Based on these flaws, it is virtually impossible for each defendant to have sufficient notice of its purported wrongdoings.

Moreover, Plaintiffs' state-law claims, at least as pleaded in the proposed second amended complaint, fail as a matter of law. The vast majority of the additions to Plaintiffs' complaint are nothing more than unnecessary recitations of the procedural history of this case and complaints about Defendants' and their counsel's behavior during this litigation. More specifically, Plaintiffs' claim for outrage is premised on speculation and factual

allegations that are both conclusory and insufficient to state an outrage claim under Alabama law. Plaintiffs' breach of contract claim is based on Defendants' alleged breach of a joint stipulation of dismissal (*i.e.*, the "contract") entered by a Louisiana federal court in a separate but related proceeding. The undersigned is not aware of the authority under which it might enforce Defendants' non-compliance with an order entered by another court in another jurisdiction or how this court could reduce Defendants' non-compliance with a joint stipulation of dismissal entered by another court into an actionable breach of contract. Likewise, Plaintiffs have not convinced the court that Defendants' actions during this litigation, which purportedly deprived Plaintiffs of the benefit of "transparency and an end to unilateral discovery," amount to fraud under Alabama law. Finally, because civil conspiracy is not an independent cause of action, the court finds that this claim is futile because, as explained above, none of the underlying torts on which this claim is based are separately viable. *See Freeman v. Holyfield*, 179 So. 3d 101, 106 (Ala. 2015).

Accordingly, for the reasons stated above, it is ORDERED that Plaintiffs' motion for leave to file a second amended complaint (Doc. 66) is GRANTED to the extent Plaintiffs seek to assert claims for wrongful denial of a claim and failure to provide documents under ERISA (Counts I and II of the proposed second amended complaint) and DENIED in all other respects. Plaintiffs' claim for wrongful denial under ERISA (Count I in the proposed second amended complaint) shall not be asserted against Defendants ExpressJet Airlines, Inc. Consolidated Welfare Benefit Plan and ExpressJet Airlines, Inc.[2]

---

[2] Defendants ExpressJet Airlines, Inc. Consolidated Welfare Benefit Plan and ExpressJet Airlines, Inc. objected to Plaintiffs' proposed second amended complaint to the extent Count I—the ERISA benefits

Moreover, the amended complaint shall not refer to "Defendants" collectively; instead, Plaintiffs shall identify by name each Defendant mentioned or referenced in each allegation, as appropriate. The amended complaint also shall specifically label each cause of action and which Defendants are the subject of that particular cause of action, and the amended complaint shall not include any allegations that are unnecessary to the two permitted claims described above. Plaintiffs shall file a second amended complaint that complies with the directives of this order no later than **February 7, 2018**, and Defendants shall answer or otherwise respond to Plaintiffs' amended complaint **no later than February 21, 2018**.

## II.    Plaintiffs' Motion to Lift Stay and for Sanctions and Limited Discovery

Because Plaintiffs have withdrawn their motion for summary judgment, as discussed below, it is ORDERED that Plaintiffs' motion to lift the stay (Doc. 59) is DENIED AS MOOT to the extent it seeks to lift the stay on the briefing of Plaintiffs' motion for summary judgment and DENIED in all other respects because Plaintiffs have not demonstrated that lifting the stay of the Rule 26 deadlines and all discovery is warranted. Once Plaintiffs file their second amended complaint and Defendants answer that complaint, the undersigned will evaluate whether to lift the stay so that discovery may commence.

Plaintiffs have requested to withdraw their motion for sanctions against AIG and National Union. *See* Doc. 67 at 6. In accordance with that request, it is ORDERED that

---

claim—was asserted against them (Doc. 70 at ¶ 1), and Plaintiffs responded that Count I of the proposed amended complaint "is not directed at the Plan or ExpressJet Airlines, Inc." Doc. 74 at n.1.

Plaintiffs' motion for sanctions (Doc. 60) is WITHDRAWN. With respect to Plaintiffs' motion for limited discovery, that motion (Doc. 60) is DENIED in light of the rulings made in this opinion and order. In light of the above, the Clerk of Court is DIRECTED to terminate Plaintiffs' motion for sanctions and for limited discovery (Doc. 60) as a pending motion.

### III. Plaintiffs' Motion for Summary Judgment

Plaintiffs also have requested to withdraw their pending motion for summary judgment. *See* Doc. 67 at 6. Accordingly, pursuant to this request, it is ORDERED that Plaintiffs' motion for summary judgment (Doc. 37) is WITHDRAWN, and the Clerk of Court is DIRECTED to terminate that motion.

### IV. Defendants' Motions for Summary Judgment

Defendants' pending motions for summary judgment (Docs. 35 & 36) are DENIED AS MOOT in light of the rulings made in this opinion and order with leave to refile following the filing of Plaintiffs' second amended complaint.

### V. Motion for Hearing

Plaintiffs' motion for hearing (Doc. 73) is DENIED AS MOOT.

### **CONCLUSION**

On a final note, this court will not tolerate needlessly protracted or vexatious litigation from any party or attorney appearing before it. More importantly, all attorneys appearing before this court are expected to advocate for their clients in an effective but collegial and cooperative manner. Motions to compel and for sanctions are not taken lightly and should only be filed after careful consideration and with adequate support in

the law; the court further expects that any such motion be supported facts and, when appropriate, supporting evidence—not conjecture and speculation. The court will not entertain "motions" that consist of nothing more than generalized complaints about opposing parties or counsel.

From this point forward, it is ORDERED that all motions filed in this matter shall indicate in either the style or the caption of the motion whether the motion is opposed or unopposed. A party may represent to the court whether a motion is opposed or unopposed only after contacting opposing counsel in person or by telephone and obtaining his or her approval to file the motion as opposed or unopposed.

DONE this 24th day of January, 2018.

/s/ Gray M. Borden
_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE