IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LORRIE WATERS and<br>DERRAL KEITH WATERS,<br><br>Plaintiffs,<br><br>v.<br><br>AIG CLAIMS, INC.; NATIONAL<br>UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA;<br>EXPRESSJET AIRLINES, INC.<br>CONSOLIDATED WELFARE<br>BENEFIT PLAN; and EXPRESSJET<br>AIRLINES, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 2:17-CV-133-WKW<br>[WO] |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs Lorrie Waters and Derral Keith Waters ("Plaintiffs") bring this action pursuant to the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, against Defendants AIG Claims, Inc.; National Union Fire Insurance Company of Pittsburg, PA; ExpressJet Airlines, Inc.; and ExpressJet Airlines, Inc. Consolidated Welfare Benefits Plan ("Defendants"). The Magistrate Judge entered an order ruling on various pretrial motions. (Doc. # 75.) The Magistrate Judge's order included a ruling that substantially denied Plaintiffs leave to amend the complaint to bring additional claims, finding that the newly proposed claims would be meritless and therefore futile. Plaintiffs claim that the latter ruling

was outside the Magistrate Judge's authority, and, regardless of whether a Magistrate Judge or District Judge should make the decision, the findings were wrong under both the clearly erroneous and *de novo* standards of review. Defendants submitted a Response, and Plaintiffs submitted a Reply. The court adopts the Magistrate Judge's order in large part, but withdraws the general reference to the Magistrate Judge with respect to discovery motions. In light of the accusations of party misconduct and the need to promote the efficient resolution of Plaintiffs' claims, this court will grant Plaintiffs' motion to lift the stay. Plaintiffs may file an amended complaint clarifying Counts I and II by June 29, 2018, and discovery may begin immediately thereafter.

## I. FACTS AND PROCEDURAL HISTORY[1]

In August 2015, Cody Waters died in a single-car accident. At the time of his death, he had two life insurance policies totaling more than $500,000 in coverage, and his parents, Plaintiffs here, were the beneficiaries under those plans. Plaintiffs timely filed a claim under the policy in October 2015. On April 1, 2016, Defendants denied the claim under the policy's intoxication exclusion. Plaintiffs initiated an appeal on June 27, 2016, and submitted their final appeal on October 26, 2016, claiming that the blood sample taken from the decedent's heart was an unreliable

---

[1] The facts and procedural history of this case — that has not yet passed the motion-to-dismiss stage — are already lengthy and complicated. The court now recounts only those facts helpful to understand the reasoning and conclusion here.

method of determining whether the decedent was intoxicated at the time of the wreck.  In January 2017, Defendants initiated a court action in Louisiana in an attempt to acquire the decedent's vitreous samples, a type of physical sample that may be a more reliable indicator of whether the decedent was intoxicated at the time of his accident.  According to Defendants, service in the Louisiana action was attempted on Plaintiffs and a courtesy copy of the pleading was provided to Plaintiffs' counsel.  (Doc. # 77, at 2.)  Plaintiffs do not clearly dispute this account.  (Doc. # 66-1, at 6–7.)

In March 2017 — before Defendants had made a determination on Plaintiffs' appeal and while Defendants still sought the vitreous sample[2] — Plaintiffs filed the instant action.  (Doc. # 1.)  Notwithstanding that the appeal was proceeding in Defendants' administrative review process, Plaintiffs alleged that the lengthy delays in making the determination amounted to a "deemed denial."  In other words, Plaintiffs alleged that Defendants' inaction resulted in an actionable denial, and that any administrative review that occurred after the deemed denial was a "legal nullity."[3]  (Doc. # 66-1, at 11.)  In October 2017, Defendants purported to issue a

---

[2] It does not appear that any testing ever took place on this sample.  (*See* Doc. # 76, at 2.)  The AIG Defendants contend that *to their knowledge*, "no testing was performed on the sample."  (Doc. # 77, at 4.)  Janci C. Lindsay, Ph.D., a Toxicologist for Rimkus Consulting Group, Inc., who was consulted by AIG regarding Cody Waters's blood alcohol content at the time of his accident, also asserts that she had no knowledge of any testing on the vitreous sample.  (Doc. # 62-1, at 4–5.)

[3] The legal question of whether such a denial permanently halted Defendants' ability to develop the record and make a new determination has not been answered, and the court need not answer it now.

denial of Plaintiffs' appeal. Thereafter, Plaintiffs sought to amend the complaint to add state law claims relating to the October 2017 "denial" including allegations of various improprieties relating to acquiring and maintaining the vitreous sample in connection with the Louisiana action. The Magistrate Judge denied Plaintiffs' motion for leave to amend the complaint to add state law claims on the basis that the amendment was futile. Specifically, the Magistrate Judge found that the claims were preempted by ERISA because they relate to the administration of a claim and, in the alternative, that they failed to state a claim on which relief could be granted.

Apart from denying Plaintiffs' motion for leave to amend the complaint to add claims relating to the October 2017 appeal, the Magistrate Judge's order disposed of various other motions. It: granted Plaintiffs' motion for leave to amend the complaint for the purposes of clarifying Counts I and II; denied Plaintiffs' motion to lift a stay (Doc. # 59); allowed the withdrawal of Plaintiffs' motion for sanctions and denied Plaintiffs' motion for limited discovery (Doc. # 60); allowed the withdrawal of Plaintiff's motion for summary judgment (Doc. # 37); denied as moot Defendants' motions for summary judgment (Docs. # 35, 36); and denied as moot Plaintiffs' motion for hearing (Doc. # 73). Plaintiffs contest the Magistrate Judge's findings with respect to Plaintiffs' motion for leave to amend the complaint, their motion to lift stay and for limited discovery, and Defendants' motions for summary judgment.

## II.  STANDARD OF REVIEW

The parties disagree as to the appropriate standard of review by which this court should review the Magistrate Judge's order.  Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636 outline two standards of review for the decisions of magistrate judges:  (1) *de novo* review for orders on dispositive matters to which a party objects, and (2) clearly erroneous review for orders on nondispositive matters.  Here, Plaintiffs concede that the clearly erroneous standard of review applies to the Magistrate Judge's decision related to discovery, but argues that the *de novo* standard of review applies to the Magistrate Judge's denial of leave to amend the complaint and denial of Defendants' motions for summary judgment. (Doc. # 76, at 5–7.)

The clearly erroneous standard of review applies to the Magistrate Judge's findings related to discovery, as well as to the denials of Defendants' motions for summary judgment.[4]  The denials of summary judgment were made with leave for Defendants to refile after the complaint is amended, so these rulings are clearly nondispositive in nature.  *See Young v. City of Augusta, Ga. Through DeVaney*, 59 F.3d 1160, 1167 & n.13 (11th Cir. 1995) (noting that Magistrate Judge had authority

---

[4] An explanation of the standard of review for a Magistrate Judge's rulings on pretrial matters is included in the interest of completeness.  As will be explained, however, the court does not apply this standard of review and instead withdraws the general reference to the Magistrate Judge until further order of the court.

to rule on a motion for a hearing on a summary judgment motion when it was not dispositive of the motion).

It is unclear what standard of review should apply to the Magistrate Judge's denying Plaintiffs leave to amend the complaint, and it does not appear that the Eleventh Circuit has considered this question. The Magistrate Judge's authorizing statute precludes a Magistrate Judge from ruling on certain dispositive motions:

> a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A). Obviously, motions for leave to amend a complaint are not expressly exempted from a Magistrate Judge's authority under this statute. Nevertheless, certain courts have found — and Plaintiffs now argue — that because a Magistrate Judge must consider the underlying merits of the prospective claims in order to deny leave to amend a complaint on the basis of futility, such a finding is dispositive within the meaning of Rule 72. *See Allendale Mut. Ins. Co. v. Rutherford*, 178 F.R.D. 1, 2 (D. Maine 1998); *HCC, Inc. v. RH & M Mach. Co.*, 39 F. Supp. 2d 317, 321–22 (S.D.N.Y. 1999); *Mueller Co. v. U.S. Pipe & Foundry Co.*, 351 F. Supp. 2d 1, 2 (D.N.H. 2005). In contrast, at least one circuit court has found that denial of motions for leave to amend a complaint is within the authority of the Magistrate Judge. *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006).

6

Dicta from unpublished Eleventh Circuit cases suggest that the more deferential standard of review may be appropriate. *See Goble v. Ward*, 628 F. App'x 692, 702 (11th Cir. 2015) ("Nonetheless, the magistrate judge's decision to deny Goble's third motion to amend was not an abuse of discretion."); *Palmore v. Hicks*, 383 F. App'x 897, 899–900 (11th Cir. 2010) ("An order disposing of a motion to amend is a non-dispositive pretrial ruling.").

The court need not decide, however, which standard of review is appropriate with respect to the Magistrate Judge's denial of Plaintiffs' motion for leave to amend the complaint because, as will be explained below, the Magistrate Judge's findings are correct under either standard. Assuming, without deciding, that the *de novo* standard of review applies, the court adopts the Magistrate Judge's order with respect to Plaintiffs' motion for leave to amend the complaint. *See Action Nissan, Inc. v. Hyundai Motor Am.*, No. 6:06-CV-1747-ORL-19KRS, 2008 WL 11336609, at *1 (M.D. Fla. Aug. 6, 2008).

### III. DISCUSSION

#### A. <u>Denial of Leave to Amend</u>

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend pleadings] when justice so requires." Rule 15 "severely restricts the district court's freedom" to deny leave to amend, and "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401,

407 (11th Cir. 1989). One such substantial reason is futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile where a "complaint as amended is still subject to dismissal." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999). When making this determination, the court considers the facts in the proposed amended complaint as true and construes the facts in the light most favorable to the plaintiff. *Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004). Here, the Magistrate Judge found and Defendants now argue that Plaintiffs' proposed amendment to add state law claims would be futile because the claims are governed exclusively by ERISA.

ERISA preempts "any and all State laws insofar as they . . . relate to any employee benefit plan." 29 U.S.C. § 1144(a). A "state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985) (citing *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983)). Preemption "is not limited to state laws specifically designed to affect employee benefit plans." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48 (1987) (internal citation and quotation marks omitted). "[I]f a state law claim arises out of the administration of benefits under a plan, the claim is preempted." *Howard v. Parisian, Inc.*, 807 F.2d 1560, 1564 (11th Cir. 1987). Put another way, a "party's state law claim 'relates to' an ERISA benefit plan for purposes of ERISA preemption whenever the alleged

conduct at issue is intertwined with the refusal to pay benefits." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187–88 (11th Cir. 1997) (internal citation and quotation marks omitted).

Here, Plaintiff's proposed state law claims include outrage (Count III), breach of contract (Count IV), fraud (Count V), and civil conspiracy (Count VI). Each of these claims relate to Defendants' attempt to acquire the vitreous sample, which Plaintiffs allege Defendants intentionally destroyed to avoid paying the life insurance claim. Considering that Plaintiffs allege that these actions were taken for the purpose of avoiding paying benefits, it is clear that these actions are preempted by ERISA. *Garren*, 114 F.3d at 187–88; (*See* Doc. # 66-1, at 19 (alleging that "Defendants' actions have destroyed the only evidence that could vindicate [the decedent and] . . . did so to prevent payment of this claim").)

Plaintiffs' novel argument is that because the effective (deemed) denial took place in March 2017 — months before Defendants' allegedly tortious conduct relating to the vitreous sample — the claims related to post-March 2017 conduct cannot be preempted by ERISA. In other words, Plaintiffs argue that their filing of the instant lawsuit unilaterally ended the claim administration process, and any acts taken by Defendants — even acts initiated at Plaintiffs' request during Plaintiffs' appeal and acts taken in an attempt to substantiate Plaintiffs' allegations related to the benefits claim — are not "related to" the plan administration within the meaning of ERISA preemption law.

Plaintiffs' argument is unavailing. It is true that a "deemed" denial can serve as the basis for an ERISA action. *See, e.g.*, *Stevens v. Sun Life & Health Ins. Co. (U.S.)*, No. 3:16-CV-76-WKW, 2017 WL 900005 (M.D. Ala. Mar. 7, 2017). However, there is no authority to support the conclusion that a deemed denial always constitutes the end of all claim administration. Here, as part of the review process, Defendants continued working on Plaintiffs' appeal before making a final decision in October 2017. Though Plaintiffs generally ignore this fact, it remains that Defendants continued considering Plaintiffs' appeal after this litigation began, and it remains disputed whether the court will consider this new benefit determination when deciding the appropriate standard of review by which to review the determination. This uncertainty does not dictate that actions taken "related to" the appeal are not "related to" the plan administration.

Instead, it is clear that Defendants' actions here were related to the administration of an ERISA-governed policy. Plaintiffs' claims stem from Defendants' alleged behavior during Defendants' discovery action in Louisiana that took place during an attempt to learn whether the decedent was intoxicated at the time of his death. Defendants sought this information to help them determine whether Plaintiffs were properly excluded from benefits under the decedent's life insurance plan. There is no doubt that these actions were "intertwined with the

refusal to pay benefits." *Garren*, 114 F.3d at 187.[5] For this reason, the court agrees with the Magistrate Judge's decision and finds that Plaintiffs' proposed state law claims are preempted by ERISA, and Plaintiffs' motion for leave to amend the complaint to add these claims is due to be denied as futile.

The Magistrate Judge alternatively found that, even absent preemption, the state-law claims failed as a matter of law. This court stops short of reaching the merits of Plaintiffs' state law claims beyond finding them to be preempted by ERISA under 29 U.S.C. § 1144(a). The Eleventh Circuit has explained that "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal," *Burger King*, 169 F.3d at 1320 (citation omitted), and to survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Given this liberal standard, it is not clear to this court that Plaintiffs' state law claims would fail as a matter of law in the absence of ERISA preemption. However, because Plaintiffs' claims are clearly preempted by ERISA, the court need

---

[5] It is not clear whether Plaintiffs refused to participate in the Louisiana action.

not reach this question, and Plaintiffs' motion for leave to amend the complaint to add state-law charges is due to be denied.

Accordingly, Plaintiffs' motion for leave to amend the complaint is granted to the extent that Plaintiffs may clarify Counts I and II, (*see* Doc. # 75, at 5–6), and is denied in all other respects. Plaintiffs have until June 29, 2018, to file their amended complaint.

**B.** **Other Rulings**

Apart from the denial of leave to amend the complaint, Plaintiffs also challenge the Magistrate Judge's denial of Defendants' motions for summary judgment and Plaintiffs' motion to lift stay or seek limited discovery. (Docs. # 76, 78.) First, with respect to Defendants' motions for summary judgment: Defendants do not challenge the Magistrate Judge's rulings with respect to these motions; the Magistrate Judge's order clearly permits leave to refile these motions; and it is undisputed that the underlying merits of these motions remain "live." (Doc. # 77, at 1 & n.1.) Coincidently, it seems that Plaintiffs agreed with this logic before the Magistrate Judge issued his opinion and order. (Doc. # 67, at 4 ("Thus, if the [c]ourt grants Plaintiffs' request for leave to amend, there will be no continuing basis for Defendants' Motion for Summary Judgment.").) Therefore, this court agrees that Defendants' motions for summary judgment are due to be denied with leave to refile after the Plaintiffs file an amended complaint.

With respect to Plaintiffs' motions to lift the stay and seek discovery, however, the court is concerned with the parties' allegations of misconduct and agrees with Plaintiffs that discovery is in order.[6] At this relatively early stage, it seems inescapable that at least one parties' counsel will be subject to sanctions; either Defendants' counsel for "causing [the decedent's] samples to be destroyed . . . to prevent payment of this claim," (Doc. # 66-41, at 19), among other charges, or Plaintiffs' counsel for making such bold and salacious accusations. Though it seems likely that the Magistrate Judge would have permitted such discovery after the filing of an amended complaint, the court sees no need for continued delay as this case languishes on the court's docket and the parties await justice nearly three years after the death of Cody Waters.

In the interest of both justice and judicial efficiency, upon review of Plaintiffs' objections related to the Magistrate Judge's discovery rulings, it is obvious to the undersigned that discovery and other pretrial rulings by the Magistrate Judge will very likely result in further appeals, delay, and undue expenditure of resources of the parties and of the court. Accordingly, reference of discovery motions to the Magistrate Judge is withdrawn until further order of the court. In order to uncover what has taken place so far and promote the eventual resolution of this case, the court

---

[6] The court does not find that the Magistrate Judge's rulings are clearly erroneous under Rule 72(a). Rather, in its discretion, this court withdraws its general referral and rules on these matters now to avoid undue delay because of potential appeals.

will grant Plaintiffs' Motion to Lift Stay (Doc. # 59), a decision that partially moots Plaintiffs' Motion for Limited Discovery and Sanctions (Doc. # 60), which is otherwise mooted by permitting Plaintiffs' to withdraw their motion for sanctions. (Doc. # 67.) Defendants are expected to fully comply with discovery. The court will deny as moot Plaintiffs' Motion for Hearing. (Doc. # 73.) The parties should be aware, however, that it is likely that the allegations made by Plaintiffs (Docs. # 60, 62) will be subject to a hearing after discovery has taken place.

## IV. CONCLUSION

In the conclusion of his order, the Magistrate Judge warned the parties to avoid needless conflict and vexatious litigation, and Plaintiffs' counsel saw fit to express that he was "Confused and Concerned" about the Magistrate Judge's admonition. (Doc. # 76, at 18.) Both parties' counsel would do well to heed the Magistrate Judge's advice. In Plaintiffs' recent briefing, Plaintiffs' counsel makes unfounded statements and, on at least one occasion, improperly — by accident, the court assumes — cites documents that do not support his assertions. (*See* Doc. # 76, at 2 (noting that Defendants "admitted to causing [vitreous] samples to be destroyed" and citing as support Plaintiffs' own motion to extend a deadline).) Meanwhile, defense counsel may have misled a different court in a Louisiana action while being less than forthright in the acquisition of potentially critical evidence in that state.[7]

---

[7] The court does not now rule on whether any element of spoliation is or could be satisfied in this case.

As the Magistrate Judge rightly warned, there is no room to vaguely allege unethical conduct, and should counsel wish to cast aspersions on opposing counsel, they should do so directly, in properly styled motions, and with clear citation to relevant law and factual allegations. The court will take up these matters as appropriate and mete out sanctions if and as necessary. As the parties embark on discovery, counsel should consider this their final warning: Cooperate with each other in full candor as you work in the best interests of your clients. Taking shots at opposing counsel helps neither the parties nor the court and distracts from consideration of important matters at issue. As this court takes direct control over discovery, it will not tolerate finger-pointing and foot-dragging from either party.

Accordingly, it is ORDERED that:

1. The Order of the Magistrate Judge (Doc. # 75) is ADOPTED as to its findings with respect to Plaintiffs' Motion for Leave to File a Second Amended Complaint other than the Magistrate Judge's findings with respect to the underlying merits of Plaintiffs' state law claims;

2. Plaintiffs' Motion for Leave to File a Second Amended Complaint is GRANTED to the extent Plaintiffs seek to amend Counts I and II, but DENIED as to all other proposed claims, and the Second Amended Complaint shall be filed on or before **June 29, 2018**.

3. Plaintiffs' Motion to Lift Stay (Doc. # 59) is GRANTED;

4. Plaintiffs' Motion for Limited Discovery and Sanctions (Doc. # 60) is DENIED as moot;

5. Defendants' motions for summary judgment (Doc. # 35, 36) are DENIED with leave to refile after the filing of Plaintiffs' amended complaint;

6. Plaintiffs' motion for hearing (Doc. # 73) is DENIED as moot;

7. The Order referring this action to the Magistrate Judge (Doc. # 30) is VACATED; and

8. Reference of discovery motions to the Magistrate Judge is withdrawn until further order of the court.

DONE this 14th day of June, 2018.

                                          /s/ W. Keith Watkins
                                    CHIEF UNITED STATES DISTRICT JUDGE