IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LORRIE WATERS and | ) | |
| DERREL KEITH WATERS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NO. 2:17-CV-00133-RAH-KFP |
| v. | ) | (WO) |
| | ) | |
| AIG CLAIMS, INC.; NATIONAL | ) | |
| UNION FIRE INSURANCE | ) | |
| COMPANY OF PITTSBURGH, PA, | ) | |
| | ) | |
| Defendants. | | |

## ORDER

This matter comes before the Court on *Plaintiffs' Objection To The Magistrate's Order* ("Objection"). (Doc. 152.) The magistrate judge's order ("Order") of September 9, 2020, (*see* Doc. 151), made the subject of the Objection, denied the Plaintiffs' motion to compel, (*see* Doc. 128), the Defendants to produce certain documents withheld under a claim of attorney-client and work product privilege. Upon review, the Objection is due to be and is hereby OVERRULED.

## STANDARD

Under Rule 72(a), "a district court reviews a magistrate judge's ruling on non-dispositive matters under the clearly-erroneous or contrary-to-law standard." *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020). Discovery orders are non-dispositive matters. *Id.* Further, "the Magistrate Judge's

orders should not be disturbed absent a clear abuse of discretion that leaves the reviewing court with the definite and firm conviction that a mistake has been committed." *Blevins v. Aksut*, No. 15-cv-0120-CG-B, 2015 WL 2097984, at *1 (S.D. Ala. Apr. 29, 2015) (citations omitted). This standard is "a very difficult one to meet" and "review is extremely deferential toward the magistrate judge" so that the objecting party's "burden is heavy." *Auburn Univ. v. Int'l Bus. Machines, Corp.*, No. 3:09-cv-694-MEF, 2011 WL 5190821, at *1 (M.D. Ala. Nov. 1, 2011).

## DISCUSSION

This matter concerns yet another discovery dispute brought before this Court by the parties, primarily the Plaintiffs, in this ERISA case. (*See also* Docs. 31, 60, 92, 93, 113, 127, 128, 152.) At issue at the present moment is a group of documents withheld by the Defendants on grounds of privilege that, according to the Plaintiffs, are not privileged because of the "fiduciary exception" applicable in ERISA litigation. *See, e.g., Harvey v. Std. Ins. Co*., 275 F.R.D. 629, 634 (N.D. Ala. 2011). When faced with such an issue, a court's primary focus is to determine whether the communications at issue concern plan administration or adversarial interactions between the parties. *Id*. Here, the magistrate judge, after conducting an *in camera* review of the challenged documents, confirmed the validity of the Defendants' privilege assertion and denied Plaintiffs' motion to compel production of those documents. (*See* Doc. 151.)

Plaintiffs now object to the Order, asserting three primary grounds of error. First, the Plaintiffs argue the Order contradicts the law of the case because the Order contradicts an earlier holding in this litigation by a different presiding judge. Second, the Plaintiffs argue the magistrate judge erred in failing to directly address a variety of documents that Plaintiffs referenced in their motion. Third and finally, the Plaintiffs argue that the Order leads to absurd consequences because it sets future precedents that run counter to ERISA's purposes. These three arguments are unavailing.

1. The Order Does Not Contradict the Law of the Case.

Plaintiffs first argue the magistrate judge incorrectly determined that Defendant AIG Claims, Inc.'s administration of the ERISA plan had concluded upon initiation of the litigation on March 6, 2017, which is contrary to a previous dispositive ruling in this same case. (*See* Doc. 152, p. 2.) As this Court construes the Plaintiffs' argument, it first must rise or fall upon whether the magistrate judge made such a determination. She did not.

From a legal perspective, the fiduciary exception to the attorney-client privilege does not reach documents created after "a plan fiduciary retains counsel in order to defend herself against the plan beneficiary." *Moore v. Metro Life Ins. Co.*, 799 F. Supp. 2d 1290, 1294 (M.D. Ala. 2011) (quoting *United States v. Mett*, 178 F.3d 1058, 1064 (9th Cir. 1999)). To determine whether this adversarial point has

been reached, courts undertake a fact-specific inquiry that considers the content and context of each communication. *See Harvey*, 275 F.R.D. at 634.

Here, the magistrate judge found that this adversarial point had been reached when the Plaintiffs initiated this litigation on March 6, 2017. (*See* Doc. 151, pp. 2-3.)   No error can be assigned to this conclusion, nor do the parties really dispute it either, because the Plaintiffs indeed did sue the Defendants on March 6, 2017.  The Plaintiffs, however, claim that the magistrate judge simply drew the line at this date, thereby incorrectly finding that all documents and communications generated after that date were adversarial in context and therefore privileged even though the Defendants continued, in other respects, to administer the plan.  This so-called line, as the Plaintiffs allege, is found nowhere in the magistrate judge's Order, nor did it serve as the basis for a total exclusion of documents relevant to this matter.  Instead, as the plain language of the Order makes clear, March 6, 2017, was the date by which the relationship of the parties became adversarial, thereby giving rise to a potential privilege issue concerning certain communications relating to the Plaintiffs.  It did not mean, nor did the magistrate judge's Order say, that administration of the plan ceased.  Simply put, March 6, 2017, served only as the starting date for the inquiry as to when a privilege could arise.  No error lies with the Order as to this claimed issue, and the Court need go no further in trying to find a contradiction that is premised upon an incorrect interpretation of the magistrate judge's Order.

2.  <u>All Documents from the Privilege Log were Considered.</u>

As this Court understands it, the Plaintiffs' second argument is that, because there were communications included on the Defendants' privilege log that were not specifically referenced in the magistrate judge's Order, the Defendants have misbehaved by failing to produce all of the documents they were ordered to produce. (*See* Doc. 152, pp. 3-5.)

First and foremost, this Court cannot comment upon what documents Defendants have produced because this Court has not reviewed the Defendants' document production in its entirety.  However, the Defendants assert that they have "already produced to Plaintiffs the post-litigation documents for which there was any potential gray area suggesting an interpretation the documents could relate to ongoing plan administration", (Doc. 156, p. 3), thereby affirmatively stating and representing to the Court that they have produced documents and communications that post-date March 6, 2017, but are withholding only those documents that have been provided for an *in camera* review.  The Defendants' assertion appears to be accurate, as some of the cited document references (*see* Docs. 129-80 and 129-64) confirm that the Defendants have produced documents generated after initiation of the lawsuit by the Plaintiffs.

This leaves for consideration the documents that have been submitted by the Defendants for an *in camera* review.  This Court's review, like the magistrate judge's

review of the withheld documents, shows that the documents referenced in the privilege log are included in the submission to the Court.   More importantly, the vast majority of the withheld documents constitute case pleadings related to the litigation initiated by the Plaintiffs.   And those documents that are not the actual pleadings themselves, are communications involving legal counsel and concern the litigation initiated by the Plaintiffs. Indeed, from this Court's review, none of the documents come close to falling into any gray area that may implicate plan administration.   Therefore, this Court finds, as the magistrate judge did, that the documents at issue were correctly withheld on the basis of privilege and did not concern fiduciary activities under the applicable ERISA plan.

    3.  <u>The Order does not lead to Absurd Consequences.</u>

    Here, the Plaintiffs conflate a variety of issues with one simple question: Were the documents in question privileged?   With the aid of clear Middle District precedent and the magistrate judge, this Court answers that question in the affirmative.   Plaintiffs, however, believe that such a finding entails some sort of corollary disaster that sets a precedent permitting insurance companies to ignore deadlines, stay cases indefinitely, destroy evidence, or the like.

    The Court has no such concern, nor need it wade into murky waters of such doomsday theories.  In its simplest, Plaintiffs' Objection amounts to an attack on the Defendants' privilege assertion to a set of communications and documents involving

legal counsel and the litigation at hand.  This privilege assertion is well-founded in the law.  Having reviewed the documents in question, this privilege assertion, to which the fiduciary exception does not apply, was rightfully and correctly asserted by the Defendants.

## **CONCLUSION**

The magistrate judge did not clearly err or act contrary to the law in the Order. But even under a de novo review, which is not the applicable standard here, the Defendants properly asserted a privilege to the withheld documents provided to this Court for review.

Accordingly, it is hereby ORDERED,

That the Plaintiffs' objection, (Doc. 152), is due to be, and hereby is, **OVERRULED**.

**DONE** and **ORDERED** this 30th day of October 2020.

_____/s/ R. Austin Huffaker, Jr.___
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE